IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRER INTERNACIONAL S.A., | ) **REDACTED** |
| | ) **PUBLIC VERSION** |
| Plaintiff, | ) |
| | ) Original Filing Date: June 13, 2024 |
| v. | ) Redacted Filing Date: June 27, 2024 |
| | ) |
| VERGE ANALYTICS INC. d/b/a VERGE GENOMICS, | ) No. 24-694 (RGA) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Ferrer Internacional S.A., for its complaint against defendant Verge Analytics Inc. d/b/a Verge Genomics, states and alleges that:

## NATURE OF THE ACTION

1. Plaintiff seeks recission of the Co-Development and License Agreement (Exhibit 1, the "Agreement"), executed by Plaintiff and the defendant on March 18, 2024, as a result of the defendant's concealment of material facts from Plaintiff at the time of contracting and subsequently to the time of contracting, facts that, had Plaintiff been aware of them, would have caused Plaintiff to not enter into the Agreement.

2. Specifically, the defendant concealed ███████████████████████████████████████ regarding VRG50635, the material that was to be developed and licensed under the Agreement. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

3. However, Plaintiff is informed and believes that, ██████████████████████████████████████████████████████████████████████████

4. None of this material information was disclosed to Plaintiff before the Agreement was executed. Plaintiff did not know about ▮▮▮▮▮ and would not have executed the Agreement had it been made aware of that information. When Plaintiff finally was made aware of ▮▮▮▮▮ on May 7, 2024 – by one of the defendant's team members uploading documents onto the parties' shared common research portal – Plaintiff undertook an immediate investigation and provided notice of rescission of the Agreement as soon as practicable.

5. ▮▮▮▮▮

6. Despite being made aware of this material information, the defendant concealed ▮▮▮▮▮ from Plaintiff because it knew that, had Plaintiff been made aware of ▮▮▮▮▮ Plaintiff would not have entered the Agreement. Defendant withheld this information notwithstanding the fact that, during the negotiation of the Agreement and at various other times, Plaintiff directly raised with the defendant and its representatives' concerns about ▮▮▮▮▮

7. Defendant knew that, to placate Plaintiff's concerns, it had to conceal material negative information from Plaintiff and it repeatedly did so to entice Plaintiff to enter into the Agreement. Defendant refused ▮▮▮▮▮

8. As a result of this concealment of material information, Plaintiff provided the defendant

with Notice of Rescission on May 30, 2024, a true and correct copy of which is attached as Exhibit 2.

## PARTIES

9. Plaintiff is a pharmaceutical company registered to do business in Spain with its principal place of business located at Av. Diagonal, 549, 5th floor, 08029, Barcelona, Spain.

10. Defendant is a Delaware biotechnology corporation with its principal place of business located at 131 Oyster Point Blvd., Suite 300, South San Francisco, California 94080.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Personal jurisdiction exists over the defendant pursuant to Section 20.3 of the Agreement, by which Verge expressly submitted to the exclusive jurisdiction of the state and federal courts located in the state of Delaware for disputes arising out of the Agreement.

13. Even without the jurisdictional language in the Agreement, personal jurisdiction exists over Verge because it is incorporated in Delaware.

14. Venue is proper in this Court because Section 20.3 of the Agreement provides that any dispute arising under the Agreement shall be venued in a court in Delaware, including this Court. Venue is further proper in this Court pursuant to 28 U.S.C. § 1391(c)(2) because the defendant is incorporated in Delaware.

## FACTUAL ALLEGATIONS

**Unbeknownst To Plaintiff,** ████████████████████████████████████

15. ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

███████████ VRG50635 is a PIKfyve inhibitor that was indicated to treat ALS patients.

16. ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████

17. ████████████████████████████████████████████████████████████████
██████████████████

18. ██████████████████████████████████████████████████ the defendant provided clinical data from Study VGCS-50635-001, during which volunteers were administered VRG50635 in single doses of up to 1600 mg and multiple doses of up to 1200 mg daily for 14 days. Defendant reported no adverse events or dose-limiting toxicities as part of the study. ██████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

19. The 003 study is a Phase 1 study to assess safety and pharmacokinetics data of different dose regimens, different formulations and drug substance processes. The 003 study followed Study VGCS-50635-002 (the "002 study"), a Phase 1B study using IP batches of new drug substance processes.

20. ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████

**Defendant Conceals ██████ From Plaintiff To Get It To Execute The Agreement**

21. In March 2023, the parties had begun discussing the idea of Plaintiff exclusively licensing

4

VRG50635 in Europe, Central America and South America during a BIU-Europe biotechnology and life sciences convention. The defendant opened a data room in April 2023 with initial exchanges of information to allow due diligence.

22. The parties signed a non-binding Term Sheet to begin negotiations and due diligence on October 24, 2023. The parties started virtual due diligence on October 30, 2023.

23. On January 22, 2024, the defendant emailed Plaintiff ███████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████

24. The parties' clinical teams had a face-to-face meeting in Amsterdam on February 23, 2024, during which Plaintiff reviewed all clinical trial information within the proposed Clinical Development Plan. Those materials did not include ████████████████████████████████████ and the defendant did not mention ████████████████ during the face-to-face meeting.

25. The parties' senior leadership participated in a face-to-face negotiation in Boston on February 6, 2024, during which they discussed the approach of the clinical development plan and a preliminary issues list regarding the terms and conditions of the proposed Co-Development and License Agreement. ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████

26. The defendant did not inform Plaintiff ████████████████████████ ██████████████████████████████. The defendant emailed Plaintiff on March 5, 2024, about regulatory approvals in the E.U. but did not mention ████████████████████████

27. The parties executed the Agreement on March 18, 2024.

28. Appendix 3 of the Agreement includes the Clinical Development Plan, which has a description of the defendant's ongoing clinical trials. ████████████████████████████████████████████████████████████████████████████

29. Throughout the parties' negotiations, Plaintiff requested and received information and updates from the defendant. As part of the negotiation, Plaintiff expected all pertinent information relating to VRG50635 to be provided.

30. However, at no point did the defendant tell Plaintiff about ████████████████ ██████

**After Execution Of The Agreement, Plaintiff Learns About ████████████████████**

31. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

32. On April 4, 2024, Plaintiff and the defendant met ████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████.

33. On April 10, 2024, the defendant told Plaintiff ██████████████████████

██████████ Plaintiff did not accept this explanation and insisted on conducting a proper and complete assessment ████████████████████████████████████ Plaintiff followed up two days later with an email setting forth various questions for the defendant to address to allow Plaintiff to conduct the requested assessment.

34. On April 16, the parties met a third time. During that meeting, the defendant proposed ███████████████████████████████████ Plaintiff rejected this proposal and, ██████████████████████████████████████████

██████████████████████ At that meeting, Plaintiff first learned about ██████████ ████████

35. That same day, Plaintiff sent the defendant a letter ███████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████

36. On April 18, 2024, Plaintiff called a meeting of the Joint Steering Committee, which was required under the Agreement to manage the contractual Clinical Development Plan. At that meeting, Plaintiff and the defendant confirmed ███████████████████████████████ ████████████████████████████████████████████████████████████████ █████████████████████████████████

37. Defendant responded to Plaintiff's April 16 letter by letter dated April 19. ████████

▮▮▮▮▮▮▮▮▮▮

38. Plaintiff responded to the defendant's April 19 letter on April 25. Plaintiff reiterated its previously communicated position that ▮▮▮▮▮▮▮▮▮▮

39. Defendant refused to ▮▮▮▮▮▮▮▮▮▮

**Two Months After Executing The Agreement, Plaintiff Discovers** ▮▮▮▮▮▮

40. On May 7, 2024, Plaintiff first learned that ▮▮▮▮▮▮ Plaintiff did not learn that critical fact from the defendant; Plaintiff only became aware that ▮▮▮▮▮▮ when one of the defendant's team members uploaded ▮▮▮▮▮▮ documents to the parties' research portal.

41. Deeply concerned about the viability of the Agreement ▮▮▮▮▮▮, Plaintiff immediately requested information ▮▮▮▮▮▮. Plaintiff requested ▮▮▮▮▮▮ Defendant failed and refused to provide the requested information to Plaintiff.

42. Plaintiff subsequently discovered that ▮▮▮▮▮▮

43. Since the defendant had failed to disclose and/or concealed information that was material to the Agreement, refused to provide requested information and declined to reassess the clinical trials of

8

VRG50635, Plaintiff had no choice but to rescind the Agreement pursuant to its terms. On May 30, 2024, Plaintiff sent a Notice of Rescission of Co-Development and License Agreement to the defendant, informing the defendant that the Agreement was null and void.

## COUNT I: FIRST CLAIM FOR RELIEF

### (Rescission)

44. Plaintiff hereby incorporates by reference paragraphs 1 through 43 above as though set forth herein in full.

45. Plaintiff and the defendant executed the Agreement on March 18, 2024. The Agreement provides for Plaintiff to exclusively license VRG50635 to research, manufacture, distribute and sell the drug in Europe, Central America and South America. The parties agreed to establish a Joint Steering Committee, with representatives from each side, to manage the Development Plan for VRG50635, including development tasks, timelines, costs and expected development activities for obtaining regulatory approvals. For its exclusive license, Plaintiff was to pay the defendant ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ███ Attached hereto as **Exhibit 1** is a true and correct copy of the Agreement.

46. Under the Agreement, either party had the right to terminate the Agreement upon a material breach by the other party, and Plaintiff had the right to terminate the Agreement without cause, due to the defendant ceasing development, due to risk of infringement of a third-party intellectual property right and due to failure to launch and commercialize the drug in Europe and/or the U.K. due to infringement of any third-party intellectual property right.

47. On May 7, 2024, Plaintiff was made aware for the first time that ██████████████████ ████████████████████████████████████████████████████████ Plaintiff also learned that the

defendant had been informed about ████████████████████████████████  Despite knowing this critical information that bears directly on the Agreement, the defendant did not disclose the information to Plaintiff before the Agreement was executed.  In fact, Plaintiff did not learn about ████████████ ████████████████████████

48. ████████████████████████ was material information to Plaintiff with respect to whether to enter into the Agreement or any contract relating to the licensing and distribution of VRG50635.  The ██████████████████████████████████████████████████████████████, which would make the Agreement worthless or, at the very least, significantly diminish its value.  Plaintiff would not have entered the Agreement had it known this information at the time of contracting.

49. ██████████████████████████████████████████████████████████████████ was also material information to Plaintiff.  Plaintiff would never wish to license or distribute ████████████

50. Plaintiff repeatedly requested ████████████████████ prior to executing the Agreement but the defendant, despite knowing of ████████████████████, did not disclose this information to Plaintiff.

51. On information and belief, the defendant concealed this information from Plaintiff to induce Plaintiff to enter into the Agreement, since it knew that Plaintiff would not enter into a licensing agreement for a product that ████████████████████████████████████████

52. Plaintiff entered into the Agreement because it believed that ████████████████████ ██████████████████████████  These beliefs would have changed had the true facts been disclosed by the defendant.

53. Plaintiff provided notice of rescission as provided by the terms of the Agreement.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

1. Judgment in Plaintiff's favor and against the defendant rescinding the Agreement and rendering the Agreement null and void from its inception;

2. Attorneys' fees and the costs of suit herein incurred; and

3. For any further relief that the Court deems just and proper.

|  |  |
|---|---|
|  | ROSS ARONSTAM & MORITZ LLP |
|  |  |
|  | /s/ Adam D. Gold |
| *Of Counsel*: | Bradley R. Aronstam (#5129) |
|  | Adam D. Gold (#6412) |
| Mark C. Goodman | Thomas A. Barr (#5589) |
| BAKER & MCKENZIE LLP | Hercules Building |
| Two Embarcadero Center, 11th Floor | 1313 North Market Street, Suite 1001 |
| San Francisco, CA 94111 | Wilmington, DE 19801 |
| (415) 576-3000 | (302) 576-1600 |
| mark.goodman@bakermckenzie.com | baronstam@ramllp.com |
|  | agold@ramllp.com |
|  | tbarr@ramllp.com |
|  |  |
|  | *Attorneys for Plaintiff* |
| Dated: June 13, 2024 | *Ferrer Internacional S.A.* |

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 27, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Bradley R. Aronstam<br>Adam D. Gold<br>Thomas A. Barr<br>ROSS ARONSTAM & MORITZ LLP<br>Hercules Building<br>1313 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>Telephone: (302) 576-1600<br>baronstam@ramllp.com<br>agold@ramllp.com<br>tbarr@ramllp.com<br><br>*Attorneys for Plaintiff Ferrer Internacional S.A.* | *BY ELECTRONIC MAIL* |
| Mark C. Goodman<br>BAKER & MCKENZIE LLP<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 576-3000<br>mark.goodman@bakermckenzie.com<br><br>*Attorneys for Plaintiff Ferrer Internacional S.A.* | *BY ELECTRONIC MAIL* |
| John Treat<br>BAKER & MCKENZIE LLP<br>10250 Constellation Boulevard, Suite 1850<br>Los Angeles, CA 90067<br>Telephone: (310) 210-4728<br>john.treat@bakermckenzie.com<br><br>*Attorneys for Plaintiff Ferrer Internacional S.A.* | *p* |

                                               */s/ Stephen J. Kraftschik*
                                               Stephen J. Kraftschik (#5623)