## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FERRER INTERNACIONAL S.A.,                )
                                          )
    Plaintiff/Counter-Defendant,     )
                                          )
v.                                        )    Case No. 1:24-cv-00694-RGA
                                          )
VERGE ANALYTICS INC. d/b/a VERGE          )
GENOMICS,                                 )
                                          )
    Defendant/Counter-Plaintiff.     )

## ANSWER TO COUNTERCLAIMS

Plaintiff and Counter-Defendant Ferrer Internacional S.A. submits the following answer to the counterclaims filed by Defendant Verge Analytics Inc. d/b/a Verge Genomics:

Plaintiff repeats headings used by the defendant in its counterclaims for purposes of organization only. Such repetition of the defendant's headings is not an admission of any kind by Plaintiff. To the extent a response is required for any of the defendant's headings in the counterclaims, Plaintiff denies each and every allegation set forth in any such headings. In addition, any allegation by the defendant not expressly admitted herein is denied.

## NATURE OF THE ACTION

1.    Plaintiff admits that it filed suit against the defendant seeking to rescind the Co-Development and License Agreement (the "Agreement") executed by the parties on March 18, 2024. Plaintiff denies Paragraph 1 in all other respects.

2.    Plaintiff denies all of the allegations in Paragraph 2. Plaintiff provided notice of rescission of the Agreement as soon as practicable after it first learned of and then investigated ▌

███████████████████████████████████████

████████████████████████████████████████ As stated

in its complaint in this litigation, Plaintiff would not have executed the Agreement had it been made aware of this material information by the defendant.

3.     Plaintiff admits that it did not make a payment of €15 million as specified by Section 9.1 of the Agreement because Plaintiff contends that the Agreement is void and unenforceable.  Plaintiff learned about ███████████████████████████████ ██████████████████████████ nine days after executing the Agreement and prior to the 30 days required in the Agreement to make the €15 million payment.  Before Plaintiff was required to make the payment required by the Agreement, ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████ Moreover, the defendant had failed to perform other obligations under the Agreement. These circumstances, and the defendant's knowledge of the materiality of these issues, excused Plaintiff from having to perform under the Agreement.  Plaintiff denies Paragraph 3 in all other respects.

4.     Plaintiff admits that it has not made any payments to the defendant under the Agreement for all of the reasons set forth in Plaintiff's response to Paragraph 3.  Plaintiff denies Paragraph 4 in all other respects.

5.     Plaintiff lacks sufficient knowledge or information to admit or deny the allegation about what "multiple independent outside clinicians, scientists, and experts" recommended. Plaintiff denies Paragraph 5 in all other respects.

6.     Plaintiff admits that the defendant demanded that Plaintiff pay amounts due under the Agreement and that Plaintiff sent a notice rescinding the Agreement based on the defendant's concealment of material information.  Plaintiff denies Paragraph 6 in all other respects.

7.      Plaintiff denies all allegations in Paragraph 7. Plaintiff has a valid legal and factual basis on which to rescind the Agreement.

8.      Plaintiff denies all allegations in Paragraph 8.    The defendant materially misrepresented and concealed material information from Plaintiff that relates to the Agreement, ██████████████████████████████████████████████████████ prior to execution of the Agreement.

9.      Plaintiff denies all allegations in Paragraph 9.    Plaintiff did not breach the Agreement and the defendant is entitled to no relief and no damages.

## THE PARTIES

10.     Plaintiff admits the allegations in Paragraph 10.

11.     Plaintiff admits the allegations in Paragraph 11.

## JURISDICTION

12.     Plaintiff admits the allegations in Paragraph 12.

13.     Plaintiff admits the allegations in Paragraph 13.

14.     Plaintiff admits the allegations in Paragraph 14.

## FACTUAL BACKGROUND

**I.      Verge developed a breakthrough pharmaceutical product, VRG506365, which has the potential to treat Amyotrophic Lateral Sclerosis**

15.     Plaintiff admits the allegations in Paragraph 15.

16.     Plaintiff admits the allegations in Paragraph 16.

17.     Plaintiff admits the allegations in Paragraph 17.

18.     Plaintiff admits that the product is intended to be a small molecule inhibitor of PIKfyve and is a therapeutic target for ALS discovered from diseased human tissues.  Plaintiff

lacks sufficient knowledge or information to admit or deny whether the product has the "potential" to be a "best-in-class" small molecule inhibitor.

19.     Plaintiff admits the allegations in Paragraph 19.

20.     Plaintiff admits the allegations in Paragraph 20.

21.     Plaintiff admits that the 002 Study was designed to collect disease-related data and study the potential efficacy of the product. Plaintiff denies Paragraph 21 in all other respects.

## II.    Ferrer and Verge began negotiations to enter into a partnership and agreement to develop and commercialize the Product

22.     Plaintiff admits the allegations in Paragraph 22.

23.     Plaintiff admits the allegations in Paragraph 23.

24.     Plaintiff admits that it did not seek development or commercialization rights in the United States or Canada.

25.     Plaintiff admits the allegations in Paragraph 25.

26.     Plaintiff admits that the parties conducted a diligence process prior to executing the Agreement that included access to a virtual data room where the defendant provided information and documents relating to the project. Plaintiff denies the implication that the due diligence process or access to the data room provided information about the issues with the product that had not been disclosed by the defendant to Plaintiff prior to executing the Agreement.

27.     Plaintiff admits that it submitted questions and requests to the defendant during the due diligence process. Plaintiff admits that the defendant responded to some of Plaintiff's questions and provided some of the information and documents requested by Plaintiff. Plaintiff denies that the defendant responded to all of Plaintiff's questions and that the defendant provided all of the information and documents Plaintiff requested. Plaintiff specifically denies that the

defendant provided any information about the issues with the product that justify rescission of the Agreement.

28.    Plaintiff denies all of the allegations in Paragraph 28.  As stated *supra*, the defendant materially misrepresented and concealed material facts relating to the Agreement ▮▮▮

▮▮▮▮▮▮▮▮▮

29.    Plaintiff denies all of the allegations in Paragraph 29.  Plaintiff requested information from the defendant on multiple occasions that the defendant failed to provide.  For instance, ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ The defendant failed and refused to provide this information to Plaintiff.

30.    Plaintiff admits that it requested information ▮▮▮▮▮▮ Plaintiff denies Paragraph 30 in all other respects.  As explained in Plaintiff's response to Paragraph 29, Plaintiff requested ▮▮▮▮▮▮

▮▮▮

31.    Plaintiff admits the allegations in Paragraph 31.

32.    Plaintiff admits the allegations in Paragraph 32.

33.    Plaintiff admits the allegations in Paragraph 33.

34.    Plaintiff admits the allegations in Paragraph 34.

35.    Plaintiff admits the allegations in Paragraph 35 but denies the implication that the defendant had no obligation to specifically inform Plaintiff ▮▮▮▮▮▮

▮

36.    Plaintiff admits the allegations in Paragraph 36 but the implication that the defendant had no obligation to specifically inform Plaintiff ███████████████████████ ███

37.    Plaintiff admits that it knew ████████████████████████████████████ █████████████████████████

38.    Plaintiff admits that it was aware ████████████████████████████████ However, Plaintiff further states that, ███████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████

39.    Plaintiff admits the allegations in Paragraph 39 but denies the implication that the defendant had no obligation to inform Plaintiff ██████████████████████████████

40.    Plaintiff admits that the defendant provided data from the 001 Study.  Plaintiff denies Paragraph 40 in all other respects.

41.    Plaintiff admits that ████████████████████████████████████████ ██████████████ Plaintiff denies Paragraph 41 in all other respects. █████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████ The defendant did not share ████████ ██████████████████ with Plaintiff and did not inform Plaintiff █████████████ ███████████

42.     Plaintiff admits that, ███████████████████████████████████

███████████████████████████████████ Plaintiff denies Paragraph 42 in all

other respects.

43.     Plaintiff admits the first sentence of Paragraph 43. Plaintiff denies Paragraph 43 in

all other respects.

44.     Plaintiff admits that it is informed and believes that █████████████████

████████████████████████████████████████████████████████

███████████████████████ Plaintiff denies Paragraph 44 in all other respects.

45.     Plaintiff admits that ████████████████████████████████████.

Plaintiff denies Paragraph 45 in all other respects. ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

46.     Plaintiff denies all allegations in Paragraph 46.

47.     Plaintiff admits that the defendant told Plaintiff ██████████████████

Plaintiff denies Paragraph 47 in all other respects. ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Since

Plaintiff did not know -- and could not have known -- ██████████████ Plaintiff had no cause

to request documents or other information ████████████████.

48.     Plaintiff admits that the discussions and meetings between the parties focused on

the 002 Study ████████████. Plaintiff denies Paragraph 48 in all other respects. Since

the defendant concealed material information from Plaintiff, Plaintiff could not have known to discuss those matters with the defendant or request information about them.

49.     Plaintiff denies all of the allegations in Paragraph 49.  Plaintiff could not have requested information regarding ████████████████████████████ prior to the execution of the Agreement because Plaintiff did not learn about ████████████████ until after the execution of the Agreement.

50.     Plaintiff denies all of the allegations in Paragraph 50.  As stated in Plaintiff's response to Paragraph 49, Plaintiff had no reason to request information regarding ████████████ prior to executing the Agreement, since the defendant concealed ██████████████████ ████ until after the Agreement was executed.

51.     Plaintiff denies all of the allegations in Paragraph 51.  ████████████████ ████████████████████ was material to the Agreement and Plaintiff would not have executed the Agreement had it known ████████████████.

## III.     Verge and Ferrer executed the CDLA, which obligated Ferrer to make a Fifteen Million Euro (€15,000,000.00) payment along with other multi-million-Euro obligations

52.     Plaintiff admits the allegations in Paragraph 52.

53.     Plaintiff admits the allegations in Paragraph 53.

54.     Plaintiff admits that the Agreement attached and incorporated a Clinical Development Plan.  Plaintiff admits that the quotations from the Clinical Development Plan as stated in Paragraph 54 accurately recite the language of that part of the Agreement.  Plaintiff denies Paragraph 54 in all other respects, specifically that the Clinical Development Plan ████████ ████████████████████████████████

55.     Plaintiff admits that Section 9.1 of the Agreement states that Plaintiff was to pay the defendant €15 million within thirty business days of the date of execution of the Agreement, subject to the receipt of an invoice from the defendant. Plaintiff denies Paragraph 55 in all other respects.

56.     Plaintiff admits that Section 3.2.4 of the Agreement states that 70% of the Development Costs were to be paid by the defendant and that 30% of the Development Costs were to be paid by Plaintiff. Plaintiff denies Paragraph 56 in all other respects.

57.     Plaintiff admits that the defendant sent and Plaintiff received invoices for the €15 million payment under Section 9.1 of the Agreement and for Plaintiff's contractual share of the defendant's incurred Development Costs.

**IV.     After execution of the CDLA,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

58.     Plaintiff lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 and, therefore, denies all of those allegations.

59.     Plaintiff lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 59 and, therefore, denies all of those allegations.

60.     Plaintiff lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 and, thus, denies all of those allegations.

61.     Plaintiff admits that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ occurred after the execution of the Agreement on March 18, 2024.

62.     Plaintiff admits that the defendant made Plaintiff aware ▮▮▮▮▮▮▮▮ ▮▮

63.     Plaintiff lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63 and, therefore, denies all of those allegations.

-9-

64.    Plaintiff admits that ██████████████████████████████████████ as stated in Paragraph 64 accurately statement the language quoted. Plaintiff denies Paragraph 64 in all other respects.

65.    Plaintiff admits that the ███████████████████████████████████ ██████████████████████. Plaintiff denies Paragraph 65 in all other respects.

**V.    Following ████████████████████████ Ferrer refused and failed to make the required payments and inundated Verge with first-time document and information requests**

66.    Plaintiff admits that it did not pay the defendant €15 million under the Agreement. Plaintiff denies Paragraph 66 in all other respects. Plaintiff specifically states that it was not required to make the payment because the defendant's misrepresentations and concealment of material information excused Plaintiff's obligations under the Agreement.

67.    Plaintiff admits that it requested that ████████████████████████ ████████████████████████████████████████████████████████ ████████████ Plaintiff denies Paragraph 67 in all other respects.

68.    Plaintiff admits that ██████████████████████████████████. Plaintiff denies Paragraph 68 in all other respects.

69.    Plaintiff denies all allegations in Paragraph 69.

70.    Plaintiff denies all allegations in Paragraph 70.

71.    Plaintiff lacks sufficient knowledge or information to admit or deny the allegation that "other independent outside clinicians, scientists, and experts" did not support Plaintiff's request ████████████████. Plaintiff denies Paragraph 71 in all other respects.

72.    Plaintiff admits that the █████████████████████████████████ ████████████, that Plaintiff requested information from the defendant after receiving information

-10-



██████████ and that these requests – ██████████████████████████ – had not previously been submitted to the defendant. Plaintiff denies Paragraph 72 in all other respects.[1]

73.   Plaintiff admits that it requested information regarding ████████████████ ████████████████ Plaintiff denies Paragraph 73 in all other respects.

74.   Plaintiff denies all allegations in Paragraph 74.

75.   Plaintiff admits that, prior to learning ██████████████, it had not previously requested ████████████████████████████████████ since it had no cause to request such information. Plaintiff denies Paragraph 75 in all other respects.

76.   Plaintiff denies all allegations in Paragraph 76.

77.   Plaintiff denies that it sent the rescission notice to the defendant on May 31, 2024 because it sent the rescission notice on May 30, 2024. Plaintiff denies Paragraph 77 in all other respects. Plaintiff did not raise the issue of rescission previously because it did not learn about ██ ████████████████████████ and Plaintiff required several weeks to sufficiently investigate the matter before deciding to send the rescission notice.

78.   Plaintiff admits that it continued to request information from the defendant about ████████████████████████████████████ Plaintiff admits that there was a meeting of the parties' Chief Executive Officers and a meeting of the Joint Steering Committee. Plaintiff denies Paragraph 78 in all other respects.

---

[1] Paragraph 72 contains a double negative – "When Verge did not immediately accede to Ferrer's demand, Ferrer began to inundate Verge with requests for information and documents, *none of which Ferrer had not submitted previously to Verge*." Plaintiff assumes that this double negative was inadvertent, but if it was not, then Plaintiff denies this allegation.

79.    Plaintiff admits that it has not made any payments under the Agreement due to the defendant's misrepresentations, concealment and recalcitrance. Plaintiff denies Paragraph 79 in all other respects.

## VI.    Ferrer sent a letter purporting to rescind the CDLA

80.    Plaintiff admits that, on May 30, 2024, its counsel sent a letter rescinding the Agreement. Plaintiff denies the implication that the rescission notice did not rescind the Agreement.

81.    Plaintiff admits that the rescission notice states that the defendant concealed material information from Plaintiff. Plaintiff denies Paragraph 81 in all other respects.

82.    Plaintiff admits that the rescission notice states that ▮▮▮▮▮▮▮▮▮ was material information to Plaintiff. Plaintiff admits that it knew that ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ and that the defendant had not requested ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮. Plaintiff denies Paragraph 82 in all other respects.

83.    Plaintiff denies all of the allegations in Paragraph 83.

84.    Plaintiff denies all of the allegations in Paragraph 84.

85.    Plaintiff denies all of the allegations in Paragraph 85.

86.    Plaintiff denies all of the allegations in Paragraph 86.

87.    Plaintiff denies all of the allegations in Paragraph 87.

88.    Plaintiff denies all of the allegations in Paragraph 88.

## VII.    Ferrer owes all amounts due and payable under the CDLA

89.    Plaintiff admits that it did not make any payments to the defendant. Plaintiff denies Paragraph 89 in all other respects.

90.    Plaintiff denies all allegations in Paragraph 90.

91.     Plaintiff lacks sufficient knowledge or information to admit or deny the allegation about what "other experts opposed." Plaintiff denies Paragraph 91 in all other respects.

92.     Plaintiff denies that payments are required because the Agreement has been properly rescinded due to the defendant's misrepresentations and concealment of material facts. Plaintiff denies Paragraph 92 in all other respects.

93.     Plaintiff denies that payments are required because the Agreement has been properly rescinded due to the defendant's misrepresentations and concealment of material facts. Plaintiff denies Paragraph 93 in all other respects.

94.     Plaintiff denies all of the allegations in Paragraph 94.

95.     Plaintiff denies all of the allegations in Paragraph 95.

96.     Plaintiff denies all of the allegations in Paragraph 96.

97.     Plaintiff denies all of the allegations in Paragraph 97.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

98.     Plaintiff incorporates by reference its responses to Paragraphs 1 through 97 above as though set forth herein in full.

99.     Plaintiff admits the allegations in Paragraph 99.

100.    Plaintiff denies all of the allegations in Paragraph 100.

101.    Plaintiff denies that the Agreement is an enforceable contract. Plaintiff admits the remaining allegations in Paragraph 101.

102.    Plaintiff denies all of the allegations in Paragraph 102.

103.    Plaintiff denies all of the allegations in Paragraph 103.

## COUNT II
## (Declaratory Judgment)

104.   Plaintiff incorporates by reference its responses to Paragraphs 1 through 103 above as though set forth herein in full.

105.   Plaintiff denies all of the allegations in Paragraph 105.

106.   Plaintiff denies all of the allegations in Paragraph 106.

107.   Plaintiff denies all of the allegations in Paragraph 107.

## PRAYER FOR RELIEF

To the extent that a response may be required to the Prayer for Relief at the end of the defendant's counterclaims, Plaintiff denies each and every allegation and denies that the defendant is entitled to any of the relief that it seeks.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Plaintiff asserts the following affirmative and additional defenses:

### First Defense

The defendant's counterclaims are barred, in whole or in part, because they fail to state a claim on which relief may be granted.

### Second Defense

The defendant's counterclaims are barred, in whole or in part, because of the doctrine of unclean hands.

### Third Defense

The defendant's counterclaims are barred, in whole or in part, because of the doctrine of laches.

-14-

### Fourth Defense

The defendant's counterclaims are barred, in whole or in part, because the Agreement is not enforceable.

### Fifth Defense

The defendant's counterclaims are barred, in whole or in part, by the sole and exclusive remedies set forth in the Agreement.

### Sixth Defense

The defendant's counterclaims are barred, in whole or in part, by the damages limitations set forth in the Agreement.

### Seventh Defense

The defendant's counterclaims are barred, in whole or in part, by the defendant's failure or refusal to mitigate or avoid any alleged injuries and damages that it claims and/or because the defendant was the cause of its alleged damages.

### Eighth Defense

The defendant's counterclaims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

### Ninth Defense

The defendant's counterclaims are barred, in whole or in part, because of material omissions and/or misrepresentations of fact during the negotiation and execution of the Agreement.

### Tenth Defense

The defendant's counterclaims are barred, in whole or in part, to the extent the damages claimed are speculative, remote or impossible to establish with reasonable certainty.

WHEREFORE, Plaintiff respectfully requests that the Court to enter a judgment as follows:

(a)    Dismiss with prejudice each of the defendant's counterclaims against Plaintiff;

(b)    Enter a judgment in favor of Plaintiff and against the defendant as to each of Plaintiff's causes of action as stated in Plaintiff's complaint;

(c)    Award Plaintiff all of its costs and any applicable and recoverable reasonable attorneys' fees incurred in connection with the litigation; and

(d)    Grant Plaintiff any such other relief to which it may be entitled.

ROSS ARONSTAM & MORITZ LLP

/s/ Adam D. Gold

Of Counsel:

Mark C. Goodman
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
(415) 576-3000
mark.goodman@bakermckenzie.com

Bradley R. Aronstam (#5129)
Adam D. Gold (#6412)
Thomas A. Barr (#5589)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
baronstam@ramllp.com
agold@ramllp.com
tbarr@ramllp.com

Dated: August 9, 2024

Attorneys for Plaintiff
Ferrer Internacional S.A.

-16-