IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FERRER INTERNACIONAL S.A.,

Plaintiff,

v.

VERGE ANALYTICS INC.,

Defendant.

Civil Action No. 24-694-RGA

MEMORANDUM ORDER

Defendant's Motion to Strike Plaintiff's Improper Amended Reply to Counterclaims (D.I.

131) is DENIED.  Plaintiff, with permission of the Court (D.I. 103), filed its first amended

complaint (D.I. 104).  Defendant filed an answer to amended complaint and counterclaims.  (D.I.

110).  It is undisputed that the two counterclaims (breach of contract and declaratory judgment

relating to the contract) in Defendant's pleading are unchanged from its previous answer to

complaint and counterclaims.  Plaintiff filed an amended answer to Defendant's counterclaims.

(D.I. 117).  Plaintiff's amended answer to Defendant's counterclaims changed a number of its

responses to the unchanged allegations of the counterclaims; previous admissions to some factual

allegations were replaced with denials.  There followed the pending motion to strike.  The

motion to strike is premised on the theory that Plaintiff could not substantively change its

responses to the unchanged allegations of the counterclaims.

Neither party cites a case directly on point.[1]  The most persuasive authority, I think, is

*Genentech, Inc. v. Amgen Inc.*, 2020 WL 707243 (D. Del. Feb. 12, 2020).

---

[1] Most of the cases cited by the parties (including *Genentech*) involve answers that add new
counterclaims.  This case is unusual in not having that feature.  It seems to me that adding

"It has long been the rule in this district that in answering an amended complaint the defendant is free to answer not simply the amendments, but the new complaint, as if answering an original complaint." *Standard Chlorine of Del., Inc. v. Sinibaldi*, 1995 WL 562285, at *2 (D. Del. Aug. 24, 1995) (rejecting argument that defendants could not add new counterclaims in responding to an amended complaint without seeking leave of the court); *see also Berrada v. Cohen*, 2017 WL 6513954, at * 1 (D.N.J. Dec. 20, 2017) (ruling that "Court leave is not required for a responsive pleading filed as of right," even where that responsive pleading adds "several new factual allegations and counterclaims"); *E.I. DuPont De Nemours & Co. v. Millennium Chems., Inc.*, 1999 WL 615164, at *4 (D. Del. Aug. 2, 1999) (denying plaintiff's motion to dismiss new counterclaims raised in answer to second amended complaint). Thus, [Defendant's] filing of a responsive pleading as of right allows it to "bring new counterclaims without regard to the scope of [Plaintiff's] amendment." *Mun. Revenue Serv., Inc. v. Xspand, Inc.*, 2006 WL 91358, at *2 (M.D. Pa. Jan. 12, 2006); *see also Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970) (noting that Rule 15(a)(3) "does not direct a response to the 'amendment,' as it might have, but to the 'amended pleading'").

*Id*. at *1. In this case, Plaintiff was required to respond to Defendant's amended pleading. Plaintiff was not limited to copying its previous response to the counterclaims. It could treat them as new counterclaims.

Motions to strike are rarely granted. I note that I am not persuaded that there is any significant prejudice to Defendant. The parties are negotiating over a schedule. (D.I. 157). To the extent Defendant needs additional discovery, the schedule can be adjusted to permit such discovery. Thus, even if Plaintiff's amended answer to counterclaims was improper, I would not strike it.

IT IS SO ORDERED this 24th day of February 2026.

_/s/ Richard G, Andrews___
United States District Judge

---

counterclaims has greater potential to change the scope of a case than merely adding factual disputes.