**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FERRER INTERNACIONAL S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00694-RGA |
| | ) |
| VERGE ANALYTICS INC. d/b/a VERGE GENOMICS, | ) **PUBLIC VERSION** |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPENING DISCOVERY DISPUTE LETTER
REQUESTING AN ORDER COMPELLING DEFENDANT TO
<u>COMPLETE ITS DOCUMENT PRODUCTION</u>**

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

BAKER & MCKENZIE LLP

Mark C. Goodman
101 California Street, 41st Floor
San Francisco, CA 94111
(415) 576-3000
mark.goodman@bakermckenzie.com

Alexander D. Burch
800 Capitol Street, Suite 2100
Houston, TX 77002
(713) 427-5000
alexander.burch@bakermckenzie.com

Carson J. Henderson
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
(214) 978-3000
carson.henderson@bakermckenzie.com

Dated:  February 12, 2026

Bradley R. Aronstam (Bar No. 5129)
Adam D. Gold (Bar No. 6412)
Thomas A. Barr (Bar No. 5589)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600
baronstam@ramllp.com
agold@ramllp.com
tbarr@ramllp.com

*Attorneys for Plaintiff
Ferrer Internacional S.A.*

The Honorable Richard G. Andrews
February 12, 2026
Page 1

Dear Judge Andrews:

We write on behalf of Plaintiff Ferrer Internacional S.A. to request an order compelling production of documents responsive to Plaintiff's discovery requests by a date certain. The parties have narrowed this discovery dispute to two categories of documents:

- Internal communications relating to the defendant's responses to FDA regarding the pharmaceutical material in question (VRG50635), including regarding the initial clinical hold, the full clinical hold, and the second partial clinical hold imposed by FDA. Responsive documents would include any draft responses to FDA, communications regarding the proposed responses to FDA, discussions with or among the defendant's employees, consultants and/or board members (including the board of directors, advisory boards, and Clinical Research Organizations) and any other correspondence, notes, memoranda, or other documents relating to FDA's actions relating to VRG50635.

- Internal communications relating to the defendant's decision to cease development of VRG50635 as a potential treatment for ALS, including internal memoranda, presentations (including board presentations), minutes, notes, and communications of any kind relating to the decision to cease developing VRG50635, including terminating clinical and non-clinical trials.

Defendant argues the requested documents "are not relevant to the claims and defenses, and the burden to collect, review, and produce these documents would not be proportional to the needs of the case." (Ex. A.) In fact, the requested materials are highly relevant as they bear on the import of the initial FDA clinical hold concealed by the defendant and on the safety concerns Plaintiff repeatedly raised that the defendant claimed were unsupported. The defendant should be ordered to produce all responsive documents without further delay.

**Background Of The Dispute.** After learning during discovery that additional FDA clinical holds issued on VRG50635 and that the defendant terminated the clinical trials for this product, Plaintiff requested documents relating to those holds and to the decision to terminate the trials, as such documents were anticipated to reveal facts relating to the safety of VRG50635, the materiality of the bases on which FDA had issued its initial clinical hold, the defendant's knowledge of the significance of the issues with VRG50635, and the reasons for terminating the program, all of which bear on Plaintiff's claims and defenses in this litigation. Defendant refused to produce the requested documents. After several attempts to informally resolve this issue, the defendant confirmed on February 3, 2026, that it would not produce any responsive documents. (Ex. A.)

**The Documents Sought Are Relevant.** "It is well recognized that the federal rules allow broad and liberal discovery." *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191, 193 (D. Del. 2004) (quoting *Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, the documents sought by Plaintiff are critical to the claims, counterclaims and defenses. Plaintiff seeks compensatory and exemplary damages resulting from the defendant's withholding and misrepresenting material information from Plaintiff during contract negotiations regarding the co-development of VRG50635, which the defendant represented was a treatment for ALS. (D.I. 104

The Honorable Richard G. Andrews
February 12, 2026
Page 2

at 1, 15.)  Defendant has claimed that the information that was misrepresented and withheld was not important to the co-development of VRG50635 and that the decision to terminate the trials was due to efficacy issues and not safety concerns.  Plaintiff must be allowed to challenge these claims.

The partial clinical hold issued by FDA in January 2024 that the defendant never shared with Plaintiff was due to the fact that VRG50635 posed an "***Unreasonable and significant risk of illness or injury to human subjects***[.]"  (Ex. B.)  While the defendant has claimed that FDA's partial clinical hold was a non-issue and was based on a simple misunderstanding by FDA, it turns out FDA issued a full clinical hold in June 2024 and then reiterated the clinical hold in July 2025 after the defendant had submitted a full response to the clinical hold, a fact that contradicts the defendant's narrative.  Defendant then terminated all of its clinical trials relating to VRG50635 in the fall of 2025.  Defendant not only did not disclose the initial clinical hold before the co-development contract was signed, it told Plaintiff FDA had "approved" the application for VRG50635, which was false and misleading.  (D.I. 104 ¶ 21.)  When adverse events arose immediately after the contract was executed, the defendant dismissed Plaintiff's concerns about safety even though, unbeknownst to Plaintiff, FDA had raised safety concerns months earlier.  Plaintiff is confident that discovery will reveal these safety concerns were the reason for the full clinical hold, the reason the clinical hold was not lifted, and the reason the defendant terminated the trials in 2025.  All of these events are related to the information the defendant withheld from Plaintiff before the contract was signed.

The fact that events post-dated the termination of the parties' contract does not diminish the relevance of the facts surrounding those events, as the defendant would like the Court to believe.  Defendant's primary defense is "FDA's partial clinical hold was not material to the parties or to the execution of the CDLA."  (D.I. 110 ¶ 51.)  With respect to its breach of contract counterclaim, the defendant alleges "Ferrer breached the CDLA by failing to make payments owed thereunder and by repudiating its obligations in reliance on a Rescission Notice not grounded in law or fact."  (*Id.* ¶ 102.)  Defendant also seeks declarations that Plaintiff had no right to rescind the agreement "[b]ecause Ferrer cannot prove that Verge intentionally withheld or concealed any material information" and that Plaintiff's purported payment obligations through August 2024 remain due and owing.  (*Id.* ¶¶ 106-07.)  The information sought by Plaintiff bears directly on these defenses:

**(1) The Materiality of FDA's Clinical Hold.**  As noted *supra*, the defendant argues FDA's partial clinical hold was immaterial to the parties' co-development agreement.  (*Id.* ¶ 51.)  Plaintiff expects the withheld documents will show that the defendant ceased developing VRG50635 because the defendant could not lift FDA's clinical hold that was based on the same concerns as the hold imposed before the contract was executed.  Plaintiff intends to show that FDA's clinical hold, initiated in January 2024 and expanded in June 2024 and reiterated July 2025, was so material to the development of VRG50635 that it caused the defendant to cease all efforts to develop the material worldwide.  Defendant's communications with FDA and its internal communications regarding the clinical hold, the need to overcome the hold, the failure to do so, and the decision to cease developing VRG5635 are relevant to the defendant's claim that FDA's clinical hold was immaterial, the defendant's knowledge of its misrepresentations to Plaintiff, the egregiousness of those misrepresentations, and to Plaintiff's claim that knowledge of FDA's clinical hold would have caused a reasonable co-development partner to forego entering into the co-development agreement and to pursue other business opportunities.

The Honorable Richard G. Andrews
February 12, 2026
Page 3

**(2) Defendant's Intent and Motive.**  Plaintiff alleges the defendant knew disclosure of FDA's partial clinical hold would cause Plaintiff to not execute the co-development agreement or invest in VRG50635.  (D.I. 104 ¶¶ 5, 55, 61 64.)  Disclosure of FDA's determination that VRG50635 posed an "***Unreasonable and significant risk of illness or injury to human subjects***" would have had, and can still have, devastating consequences to the defendant's business beyond the co-development agreement with Plaintiff.  Plaintiff expects the documents it is seeking to reveal that the cash-strapped defendant knew it could not risk disclosure of the fact that its proprietary software (used by the defendant to identify potential drug candidates like VRG50635) identified as a drug candidate an unsafe material, because such disclosure would have jeopardized its ongoing business, and did everything it could to conceal and downplay safety issues with the material identified by its algorithm.  Accordingly, the basis for the defendant's decision to cease developing VRG50635 in 2025, including its internal communications regarding the same, stem from the same issues raised by FDA in January 2024 and is clearly relevant to the defendant's motive and intent to withhold from Plaintiff FDA's concerns.

**(3) Rebuttal of Defendant's Counterclaims.**  Defendant purports to seek millions of dollars from Plaintiff under the agreement to co-develop VRG50635 and seeks a declaration that Plaintiff's payment contractual obligations through August 2024 are due and owing.  (D.I. 110 ¶ 107.)  Defendant's communications with FDA and its internal communications regarding the viability of VRG50635 as a pharmaceutical, including information relating to FDA's partial clinical hold and the defendant's decision to cease development of VRG50635, bear directly on the defendant's continued development efforts of VRG50635 after Plaintiff rescinded the agreement in May 2024, including whether the defendant incurred any recoverable development costs that Plaintiff would owe under the contract at issue.

**Proportionality Weighs in Favor of Production.**  As detailed *supra*, the documents withheld by the defendant are relevant to various issues in this litigation and are discoverable unless the defendant can establish that producing such relevant documents is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Defendant can make no such showing.  Rule 26 establishes six factors relevant to proportionality:  (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." All six factors weigh in favor of compelling the defendant to produce the documents.

The issues in this action—the fraudulent misrepresentation and concealment of information to induce Plaintiff to pay substantial sums to the defendant—are clearly critical to the outcome of this litigation.  Plaintiff seeks over $200 million in damages resulting from the defendant's fraud and the defendant seeks more than $15 million from Plaintiff on its counterclaim, meaning the amounts at stake outweigh the inconvenience of having to engage in discovery.  Moreover, the defendant is a sophisticated party.  It has made no showing that producing additional documents would impose an undue burden.  Nor could it do so, as the benefits to fully and fairly resolving this dispute by producing discoverable documents far outweigh any conceivable burden of production given the circumstances.  Accordingly, the Court should compel the defendant to produce the documents Plaintiff has requested.

The Honorable Richard G. Andrews
February 12, 2026
Page 4

Respectfully submitted,

*/s/ Adam D. Gold*

Adam D. Gold (Bar No. 6412)

cc:    All Counsel of Record (via email)