IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FERRER INTERNACIONAL S.A., )
                                       )
       Plaintiff/Counter-Defendant, )
                                         )
   v.                             )    C.A. No. 1:24-cv-00694-RGA
                                         )
VERGE ANALYTICS INC. d/b/a VERGE )
GENOMICS,                        )
                                         )
   Defendant/Counter-Plaintiff. )

## [~~PROPOSED~~] SECOND AMENDED SCHEDULING ORDER

WHEREAS, the Court previously entered a scheduling order (D.I. 31, "Original Scheduling Order") setting a bench trial in this action;

WHEREAS, by order dated January 21, 2026 (D.I. 141), this action was converted to a jury trial;

WHEREAS, the Court directed the parties to submit a new Scheduling Order in advance of the jury trial; and

WHEREAS, during hearings on November 24, 2025 and January 20, 2026, the Court indicated that the parties may file motions for summary judgment;

IT IS HEREBY ORDERED that:

1.    Original Scheduling Order.

     a.   The following paragraphs of the Original Scheduling Order remain in effect: {~~Defendant's Proposal~~: 3(c)-(e) [discovery limitations]}, 3(g) [discovery dispute procedures], 5 [papers filed under seal], and 8 [applications by motion].

2.    Discovery.

     a.   Discovery Cut-Off.

i. All outstanding fact discovery either already pending or permitted by the Court shall be completed on or before July 31, 2026.

ii. **Written Discovery**

{Plaintiff's Proposal:

1. Each side may serve ~~10~~ 5 document requests, ~~10~~ 5 interrogatories and 10 requests for admission concerning Plaintiff's fraud claim.}

iii. **Expert Discovery**

{Plaintiff's Proposal:

1. The parties may serve initial expert reports on or before August 10, 2026. However, in accordance with the Court's prior orders, Plaintiff may not, without seeking leave, serve an expert report regarding calculation of damages. This does not prevent Plaintiff from serving an expert report regarding liability for fraud, including liability for Plaintiff's loss of business opportunity.

2. Rebuttal expert reports shall be served on or before September 14, 2026, which would include any rebuttal to an expert designated by the defendant relating to Plaintiff's damages theories disclosed in Plaintiff's January 13, 2026 Supplemental Responses to Defendant's First Set of Interrogatories, Defendant shall serve such report on or before August 12, 2026.

3.  Depositions of experts shall be completed on or before October ~~30~~ *2*, 2026.

{~~Defendant's Propo~~sal:

1.  To the extent that Defendant wishes to serve an expert report in rebuttal to Plaintiff's damages theories disclosed in Plaintiff's January 13, 2026 Supplemental Responses to Defendant's First Set of Interrogatories, Defendant shall serve such report on or before August 12, 2026. *If Defendant serves such a report,*

2.  Plaintiff may ~~not~~ serve ~~any~~ *a party has answering* expert report of its own *no later than September 3, 2026.*

3.  To the extent that ~~Defendant~~ *a party* serves such an expert report, it shall provide to ~~Plaintiff~~ *the other party* on the same date that ~~Defendant~~ serves *in* the expert report the expert's availability for deposition ~~prior to August 28, 2026.~~ *If both parties serve such reports, Plaintiff's expert shall be deposed first unless the parties agree otherwise.*

3.  <u>Case Dispositive Motions</u>. Any dispositive motions {~~Defendant's Proposal~~: and *Daubert* motions} shall be served and filed on or before September ~~2~~ *10*, 2026. No dispositive motion under Rule 56 may be filed more than ten days before September ~~2~~ *10*, 2026 without leave of the Court. Absent an order of the Court on a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for {~~Defendant's Proposal~~: all of its *Daubert* and} any dispositive motion. [FN]

[FN] *The parties do not need to depose the experts before filing Daubert motions—*

- 3 -

    a. Answering briefs shall be filed on or before September 29, 2026.

    b. Reply briefs shall be filed on or before October 9, 2026.

    c. Beginning at ___*TBA*___ on _____, 2026, the Court will hear argument on the parties' summary judgment motions (if any).

4. ~~{Plaintiff's Proposal: Daubert Motions. Any motions to exclude expert testimony shall be filed on or before November 30, 2026.~~

    ~~a. Answering briefs shall be filed on or before December 21, 2026.~~

    ~~b. Reply briefs shall be filed on or before January 11, 2027.~~

    ~~The Court shall hear oral argument on Daubert motions at the pretrial conference. }~~

5. <u>Pretrial Conference</u>. The Court will hold a Rule 16(e) final pretrial conference beginning at 9:30 a.m. on January 22, 2027. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on January 18, 2027. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

6. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents submitted in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each *in limine* motion and any response shall contain the authorities relied on, may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.

If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on any *in limine* motion, unless otherwise permitted by the Court.

7. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions and (iv) special verdict forms no later than 6:00 p.m. on January 18, 2027. Areas of dispute with respect to these submissions shall be identified as narrowly as possible and in a manner that readily explains the dispute. The parties shall submit simultaneously each of the foregoing four documents in Word format to <u>rga_civil@ded.uscourts.gov</u>.

8. <u>Trial</u>. This matter is scheduled for a {~~Plaintiff's Proposal: eight (8) day~~} {~~Defendant's Proposal~~}: **five (5) day**} jury trial beginning at 9:30 a.m. on February 1, 2027, with the subsequent trial days beginning at 9:30 a.m. each day. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed and counsel will be allocated a total number of hours in which to present their respective cases.

9. <u>Mediation.</u> The parties are required to engage in good faith in an in-person mediation no later than July 31, 2026. The parties shall jointly retain and pay for an agreed mediator. The parties shall submit a joint statement to the Court no later than one week before the pretrial conference. The joint statement shall include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation and certification by the lead mediation counsel that they have engaged in the mediation in good faith. The

parties should state whether they anticipate any further efforts by the mediator at the time of the submission. The joint statement should not disclose the substance of any offers, counter-offers or other negotiations relating to the mediation.

RICHARDS, LAYTON & FINGER, P.A.

POLSINELLI PC

/s/ DRAFT
Kelly E. Farnan (#4395)
Kevin M. Gallagher (#5337)
Sara M. Metzler (#6509)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
gallagher@rlf.com
metzler@rlf.com

/s/ DRAFT
Stephen J. Kraftschik (#5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
skraftschik@polsinelli.com

*Attorney for Defendant*
*Verge Analytics Inc.*
*d/b/a Verge Genomics*

Dated: March 23, 2026

IT IS SO ORDERED this 23rd day of _____April_____, 2026.

_____
The Honorable Richard G. Andrews

Amended April 30th, 2026.

_Richard G. Andrews_